IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**JOSE HERRERA,**

      Movant,

vs.                                        **CIVIL  NO.  Civ 05-0934 JP/DJS**
                                            Criminal No.  02-1938 JP

**UNITED STATES OF AMERICA,**

      Respondent.


**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the F.C.I.- Manchester, Kentucky, where he is serving a 262-month sentence as a result of his conviction for one count of conspiracy to distribute cocaine. That conviction was obtained as the result of Movant's guilty plea.

    2.  Movant contends that his sentence was imposed in violation of the United States Supreme Court's ruling in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and that his trial counsel rendered ineffective assistance of counsel. The Court dismissed Movant's Booker claim and these findings

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

address Movant's allegations of ineffective assistance of counsel. On direct appeal, Movant sought relief from the 10th Circuit Court of Appeals based upon his contention that he was entitled to a downward departure because his criminal history category seriously over-represented the seriousness of his criminal history and upon the contention that he was entitled to a downward departure based upon his minimal role in the offense. The Court of Appeals rejected each of those arguments, noting that Movant waived his appellate rights as part of his plea bargain, and affirmed the sentence.

3. Movant specifically claims that his attorney told him that he would receive a sentence of sixty to seventy months in prison if he pled guilty and that, but for that representation, he would have insisted on his right to a jury trial. Movant asserts that he did not know that drugs were in the truck he was driving but that his attorney told him to represent to the Court that he was aware of the drugs. Movant also contends that his trial and appellate counsel were ineffective for failing to raise a Booker challenge to his sentence.

4. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

5. Given that Movant's sentence was not beyond the guideline range and the facts relied upon to set that range were either admitted in his plea agreement or were the facts of prior

convictions, Petitioner's claims of ineffective assistance of counsel for failing to challenge his sentence based upon the decision in Booker cannot succeed. See United States v. Small, 423 F.3d 1164, 1188 (10th Cir.2005) ( "[W]hether the present offense and prior offenses constitute felonies that are crimes of violence or controlled substance offenses are questions of law unaffected by the Supreme Court's holding in Booker.").

6. The plea agreement signed by Movant notes that the maximum sentence which could be imposed was not less than ten years nor more than life imprisonment. United States v. Jose Herrera, Cr. No. 02-1938 JP, Plea Agreement filed November 1, 2002 (Docket No. 20). The agreement also states in part

> "The Defendant has reviewed the application of the guidelines with his attorney but understands that no one can predict with certainty what guideline range will be applicable in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant will not be allowed to withdraw the plea if the applicable guideline range is higher than expected or if the Court departs from the applicable guideline range. **The defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court.**"

Id. (emphasis in the original). The text of the plea agreement, which Movant signed and which was addressed in his plea hearing, directly contradicts Movant's claimed expectation of a sixty to seventy month sentence. Even if both the prosecutor and Movant's counsel expected him to receive a sixty to seventy month sentence, a mutual sentencing error does not void a plea agreement when the agreement is made "with the knowledge that the sentencing recommendation is nonbinding." United States v. Williams, 919 F.2d 1451, 1457 (10th Cir.1991).

7. Addressing Movant's claim more directly, "a miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570 (10th cir. 1993); see

also United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005)("A plea may be involuntary where an attorney materially misrepresents the consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary."). Movant contends that his attorney was aware of his previous criminal history despite assertions to the contrary by the lawyer and argues that his counsel misrepresented his likely sentence. Nonetheless, given the plea agreement's specific statement of a possible life sentence and warning that Movant's sentence was solely the decision of the Court, he cannot show prejudice from the alleged misrepresentation by counsel. Gordon, 4 F.3d at 1571. Movant cannot prevail in his claim of ineffective assistance of counsel based upon his attorney's alleged representations regarding his likely sentence given the advise in the plea agreement that his sentence was not certain and precedent that such erroneous advice does not constitute constitutionally ineffective assistance of counsel.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**